IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BRENT A. ROWAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14-2258-JDT-cgc |
| | ) | |
| VS. | ) | |
| | ) | |
| MONROE GIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION,
DISMISSING CASE WITHOUT PREJUDICE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On April 8, 2014, Plaintiff Brent A. Rowan, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on the form used for commencing an action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) However, Plaintiff did not pay the civil filing fee or file a motion to proceed *in forma pauperis*. Therefore, on August 6, 2014, U.S. Magistrate Judge Charmiane G. Claxton issued an order directing Plaintiff to submit, within 30 days, either the $400 civil filing fee or a properly completed and executed *in forma pauperis* affidavit. (ECF No. 3.) Plaintiff was warned that failure to comply with the order in a timely manner would "result in dismissal of this action without further notice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." (*Id.* at 2.)

Plaintiff did not comply with the August 6th order, and Magistrate Judge Claxton issued a Report and Recommendation ("R&R") on November 4, 2014, in which she recommended the case be dismissed for failure to prosecute. (ECF No. 4.) Objections to the R&R were due within 14 days. However, Plaintiff has filed no objections. Therefore, the Court ADOPTS the R&R and hereby DISMISSES this case without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to prosecute also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE